UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>FELIX LEYVA-ANAYA,<br><br>    Defendant, | No. CR-05-00681 JF (PVT)<br><br>ORDER GRANTING DISCOVERY MOTION |

    This matter is before the court on a motion to compel disclosure of confidential informants and related information, including <u>Brady/Giglio</u> evidence. The United States has opposed the motion, at least, as to timing. Its position is that this motion is not appropriate until after trial or sentencing.

    The defendant, Felix Leyva-Anaya, through counsel moved the court for an order seeking the disclosure of two DEA (Drug Enforcement Administration) confidential informants who interacted with the defendant in the two alleged drug transactions.

    In May 2005, CS1 and CS2 told DEA agents that Mr. Leyva-Anaya was involved in the sale of heroin as part of a heroin distribution ring that imports from Mexico to Chicago. It was reported that Mr. Leyva-Anaya sold 25 gram "pieces" of heroin for $1000 a piece.

    At DEA direction, CS2 called Leyva-Anaya and arranged a meeting in San Jose, Calif. for May 13, 2005. Before the meeting, DEA agents searched CS2 for contraband with negative results and

1  watched CS2 as he left the DEA office to drive to the meeting at a pre-arranged location.
2  Mr. Leyva-Anaya arrived sometime later and met with CS2. The two apparently conversed outside
3  of their cars for several minutes. No recording was made of this conversation and no agent
4  overheard the conversation. Mr. Leyva-Anaya was then observed walking to his car, opening the
5  trunk, reaching inside and talking further to CS2. Mr. Leyva-Anaya then closed the trunk of his car
6  and drove away.
7      CS2 then returned to the DEA office and delivered exhibit 1 which was determined to be 0.41
8  grams of a substance containing heroin.
9      Apparently in late May 2005 CS2 and Mr. Leyva-Anaya had two unrecorded telephone
10  conversations one of which indicated that Mr. Leyva-Anaya was traveling from Los Angeles to San
11  Jose.
12      On June 1, 2005 CS1 and CS2 met with Mr. Leyva-Anaya who was observed by the DEA
13  agents handing CS2 a black bundle. The black bundle, exhibit 2, which was collected by the agents
14  after the meeting, contained 111.8 grams of a substance containing heroin. Apparently the DEA
15  attempted to record this conversation but due to technical difficulties it was not recorded. There are
16  also videotapes which have been produced but they apparently show little because of the distance.
17  They do show the defendant and the deliberately obscured informants.
18      Mr. Leyva-Anaya was arrested by DEA agents on October 7, 2005, following another
19  meeting with CS1 and CS2 at which the DEA was again unable to obtain an audible recording.
20      Felix Leyva-Anaya is charged with two counts of violating 21 U.S.C. section 841(a)(1) for
21  knowing possession with intent to distribute heroin. The first count involves the first alleged
22  transaction for an unspecified quantity of heroin and the second count alleges the subsequent
23  delivery of "at least 100 grams of a mixture and substance containing a detectable amount of heroin."
24      The defense seeks a number of things - informants' names, addresses, birth dates, criminal
25  histories, description and records of compensation, debriefings in this case, information elicited
26  about the defendant, written communications with or about the informants, and expected testimony
27  about the defendant. It also seeks information about other cases in which the informants have
28  worked.

The defense argues that the informants' testimony is "highly relevant and might (be) helpful to the defense" in this case. The DEA seemingly attempted to avoid this situation by attempting to record the conversation at the second meeting but the equipment did not work. Thus all of the verbal interaction between the defendant and paid informants was not preserved.

In *Roviaro v. United States*, 353 U.S. 53, 60-61 (1957) the Supreme Court held that the defendant in a criminal case may be entitled to disclosure of the identity and whereabouts of a government informant and to the "contents of his communications" with the government, if disclosure is "relevant and helpful to the defense of the accused, or is essential to the fair determination of the cause." In this case it is clear that the identity and whereabouts of the informants and the contents of their communications with the government are relevant and helpful to the defense and essential to a fair determination of the case.

It has also been found that a defendant retains the right to challenge the alleged quantity and quality of the drugs he allegedly possessed, at trial and at sentencing. The opportunity to question the quantity issue even at sentencing is negated if the defendant does not have access to discovery concerning the informants. *See e.g., United States v. Thomas*, 355 F.3d 1191, 1198 (9th Cir.2004).

Predisposition of the defendant and entrapment are also considerations on which informant discovery and testimony would be relevant and helpful. *United States v. Thomas*, 134 F.3d 975 (9th Cir. 1998). As in *Thomas* the defendant here has a need to explore and discover from the informants' information on the issue of predisposition for the level of drug dealing alleged here. This defendant has no prior convictions and it is alleged by the defense that the defendant is, at best, a small time dealer before these allegations.

In this motion the defense has overcome the United States' qualified privilege to withhold the disclosure of the identity since the informants' identity and the contents of their communication are relevant and helpful to the defense and they are essential to a fair determination of the cause *Roviaro*, 353 U.S. at 61.

The defense has requested that a time be set for an in camera hearing

The defendant has also asked for both *Jencks* Act, (18 U.S.C. section 3500) and *Giglio* ( *Giglio v. United States*, 405 U.S. 150 (1972) material. The United States has responded that the

request is premature. However the United States often provides this material pretrial and has indicated that it will do so here.

The United States has requested reciprocal discovery and notice of alibi. The defense should respond to these requests without motion work.

The defense has moved that the discovery and disclosures requested be done on a time schedule which would allow the defendant to decide whether to exercise or waive his constitutional right relating to trial in this case. The United States objects to the pretrial timing requested by the defense.

IT IS HEREBY FURTHER ORDERED that the court will conduct a pretrial in-camera hearing concerning the confidential informants. The defense counsel wishes to be present at the hearing to question the informants. The United States has objected to the defense counsel being present. The parties are ORDERED to meet and confer about the timing, presence of defense counsel and proposed questions for the informants. The parties SHALL submit a joint statement to the court about the resolution of these issues or lack thereof by June 15, 2006.

Dated: 6/6/06

PATRICIA V. TRUMBULL
United State Magistrate Judge

copies mailed on 6/6/06 to:

Cynthia Lie
Federal Public Defender
Suite 575
160 W. Santa Clara St.
San Jose, CA 95113

Matthew A. Lamberti
U.S. Attorney's Office
150 Almaden Blvd., Suite 900
San Jose, CA 95113

_____
CORINNE LEW
Courtroom Deputy